Jerry HARDING, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 62A01–8905–PC–163.

Court of Appeals of Indiana,
First District.

Oct. 17, 1989.

Rehearing Denied Dec. 8, 1989.

---

Susan K. Carpenter, Public Defender, Jane Ruemmele, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Jerry L. Harding appeals the denial of his petition for post-conviction relief. A jury convicted Harding of attempted rape, attempted criminal deviate conduct, criminal deviate conduct, battery and attempted murder. The Indiana Supreme Court affirmed his convictions on January 13, 1984 in *Harding v. State* (1984), Ind., 457 N.E.2d 1098. The post-conviction court summarily denied his Ind. Rules of Procedure, Post–Conviction Rule 1 petition without holding an evidentiary hearing.

In short, the post-conviction court found that issues raised in the direct appeal could not be relitigated through post-conviction proceedings and matters raised for the first time in his post-conviction petition which could have been pursued on direct appeal had been waived because Harding had not offered an excuse or justification for his failure to raise them previously. It is well-settled that where a post-conviction petitioner brings a petition following a direct appeal, allegations of error asserted therein may not be raised in the absence of a showing that the issue was unascertainable or unavailable at the time of trial or direct appeal. *Crisp v. State* (1987), Ind., 511 N.E.2d 306, 307; *Music v. State* (1986), Ind., 489 N.E.2d 949. If the pleadings conclusively show that a petitioner is entitled to no relief, the court may deny the petition without further proceedings. *Id.; Clay v. State* (1989), Ind.App., 533 N.E.2d 1270, 1272, *trans. denied.* The pleadings in the present case conclusively reveal that each of Harding's allegations was available or

known to him at trial or on appeal; thus, the trial court properly denied the petition.[1]

In an attempt to obtain either an evidentiary hearing or a review of his contentions on the merits, Harding argues his petition does explain his failure to raise certain matters on direct appeal. He points to the undeveloped and factually unsubstantiated allegation that he was denied effective assistance of counsel on appeal.

■ Allegations of ineffective assistance of counsel cannot be used as a means of circumventing post-conviction rules in order to present evidence on issues that have been waived. *Lane v. State* (1988), Ind., 521 N.E.2d 947, 949; *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1205. *Cf., also, Alston v. State* (1988), Ind.App., 521 N.E.2d 1331. Furthermore, if a post-conviction petitioner is to prevail on a claim of ineffective counsel, he must show that counsel's actions or inactions fell outside the wide range of reasonable professional assistance and that counsel's errors had an adverse effect upon the judgment. A deficient showing on either component is fatal to a petitioner's claim. *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. *See also, Schiro, supra* at 1205–1206. Failure to present reversible error by alleging ineffective assistance of appellate counsel precludes review of those issues waived on appeal. *Mato v. State* (1985), Ind., 478 N.E.2d 57, 62.

■ Harding's conclusory allegation that he was denied effective assistance of counsel on appeal is inadequate to create an issue of material fact requiring an evidentiary hearing. Without specific factual allegations in support of the claim of inadequacy of representation, no evidentiary hearing is required. *Sherwood v. State* (1983), Ind., 453 N.E.2d 187, 189; *Hutchin-*

*son v. State* (1989), Ind.App., 540 N.E.2d 109, 111, *trans. pending. Cf. also Robinson, supra* and *Shropshire v. State* (1987), Ind., 501 N.E.2d 445. A post-conviction petitioner cannot evade the post-conviction rules simply by typing the words "ineffective assistance of counsel" across his petition. *Lane, supra.*

■ Harding argues in his brief that his insufficiency of evidence claims raise fundamental error and alleged in his petition that the trial court's *sua sponte* instructions on lesser included offenses constituted fundamental error. However, again, the record contains no justification for Harding's failure to raise these fundamental errors previously. Under the rationale of *Bailey v. State* (1983), Ind., 447 N.E.2d 1088, *on remand*, 477 N.E.2d 873, fundamental error must be raised in a post-conviction petition within the rules of post-conviction procedure. Errors found to be fundamental must either be framed with the context of the post-conviction rules or be issues not known at the time of the original trial and appeal.[2] *See, Tope v. State* (1985), Ind., 477 N.E.2d 873; *Osborne v. State* (1985), Ind., 481 N.E.2d 376, 380 (Insofar as appellant has not demonstrated issue unascertainable at time of trial and direct appeal, allegation that trial court committed fundamental error by presenting particular instruction may not be raised in post-conviction proceeding). Harding does not argue that a new rule of law affecting his claims of insufficient evidence has created a "free standing" factual issue as in *Bailey v. State, supra.*

As the court observed in *Mosley v. State* (1985), Ind., 477 N.E.2d 867 at 869:

[s]ummary judgment is appropriate in this case because, upon the face of the record, it appeared that every ultimate

---

1. Among the grounds for relief alleged in the petition were the following: 1) that Criminal Rule 8 is unconstitutionally vague, overbroad, and indefinite; 2) that the trial court committed fundamental error by *sua sponte* tendering lesser included offense instructions; 3) failure to consider certain mitigating factors at sentencing; 4) ineffective assistance of counsel; and 5) insufficiency of evidence to sustain his attempted rape and battery convictions.

2. On first blush, Harding's allegation that Criminal Rule 8 is unconstitutionally vague appears to come within the purview of P.C. Rule 1 § 1(a)(1), but Harding does not specify in what way the rule is vague. Again, a broad and general allegation is insufficient to withstand a summary denial. *See, Sherwood, supra.*

issue sought to be presented by Petitioner was available to him at the time of the earlier proceedings. While it is true that whether or not an issue has been waived can be a question of fact, in the context of post conviction rules its existence or non-existence is a conclusion, a conclusion which, in this case, is inescapable upon the face of the record. Only by pleading some fact or facts which, if proved, would dispel that conclusion, would Petitioner have been entitled to a hearing, such hearing obviously being for the purpose of determining the correctness of the facts alleged. Here there were no such facts alleged which if proven, would have excused Petitioner from presenting the claims he seeks to present in the earlier proceedings.

■ Harding also argues that the trial court's factual findings are inadequate with respect to his allegations that Criminal Rule 8 is unconstitutionally vague and error in tendering lesser included instructions *sua sponte*. Although the trial court did not specifically cite these two issues in his factual findings as he did Harding's other allegations, the trial court's order does contain the conclusion that all ascertainable issues previously argued have been waived. Harding concedes that the trial court apparently treated these claims as having been waived. Where as here resolution of the issues involved in the petition is clear and solely a matter of law, deficiencies of this nature do not require reversal. *Herman v. State* (1988), Ind., 526 N.E.2d 1183, 1184; *Kruckeberg v. State* (1984), Ind., 465 N.E.2d 1126, 1128.

■ Finally, we note that although the trial court found failure to consider certain mitigating circumstances was determined in Harding's direct appeal,[3] the court's conclusion that new allegations raising matters available at the time of direct appeal are deemed waived applies with equal force to the variations of his original claims he now raises in this petition. Where an is-

sue, although differently designated, has been previously considered and determined upon direct appeal, the State may defend against a post-conviction petition on grounds of res judicata. *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047, 1049, citing *Gross v. State* (1975), 162 Ind.App. 649, 320 N.E.2d 817, 820.

■ Harding also argues that the trial court erred in denying his motion for change of venue from the judge, entitling him to an evidentiary hearing. Harding filed his pro se post-conviction petition, dated August 7, 1987, with the court and a copy of the petition was forwarded to the State Public Defender on or about October 24, 1986. Harding did not file a motion for change of venue with his petition. In April, 1988, the public defender discovered that the petition had not been file-marked, and that the court's docket sheet did not reflect the filing. Thereafter, the court decided to reflect by nunc pro tunc entry that filing had occurred on October 26, 1988. Led to believe that the petition would be file-marked with an April, 1988 date, on April 27, 1988, Harding by counsel filed his motion for change of venue from the judge. That motion was denied.

There can be no doubt that the ten-day period provided by P.C. Rule 1 § 4(b) had long expired when Harding's counsel discovered the absence of the file mark. After the ten-day period, the granting of the petition is within the discretion of the trial court and petitioner must show good cause. *Mosley v. State* (1979), 271 Ind. 164, 390 N.E.2d 659, 661. A pro se petitioner is not excused from the provisions of the rule simply because he chooses to file a petition pro se. *Chamness v. State* (1983), Ind., 447 N.E.2d 1086.

Harding argues that he was forced to show good cause for his delay by the trial court's decision to show the filing as of October 26, 1988. To the contrary, it is clear that Harding was required to show good cause because he did not file for a

---

**3.** In his direct appeal, Harding argued the trial court failed to find as a mitigating circumstance that time he spent in jail caused a positive change in his attitude. Now Harding contends the trial court failed to consider that he is mentally retarded, cannot read or write, and has a mental disorder.

change of judge within the initial ten-day period. Harding has not made an attempt to explain his failure to file within the initial ten-day period. Accordingly, no abuse of discretion occurred in denying the motion.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.