Jerry BERRY, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 67A01–9004–CR–171.

Court of Appeals of Indiana, First District.

Oct. 31, 1990.

Philip R. Melangton, Jr., Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant, Jerry Berry (Berry), appeals his conviction and eight-year sentence for attempted dealing in marijuana on school property, a Class C felony.[1] In his appeal, Berry raises the following issues which we have restated:

I. Whether there was sufficient evidence to support his conviction.

II. Whether an actual delivery is required to establish the crime of attempted dealing in marijuana on school property.

III. Whether he was subjected to an unreasonable search and seizure.

IV. Whether a proper chain of custody was established for the admission into evidence of the marijuana seized from him.

V. Whether he received ineffective assistance of counsel.

VI. Whether the trial court erred in enhancing the presumptive sentence.

We affirm Berry's conviction and sentence.

## FACTS

We adopt the State's statement of the facts:

On the afternoon of October 6, 1989, two students at South Putnam High School, Steve Goodpaster and Timothy Swanson, decided to arrange to buy marijuana from another student, the nineteen-year old Defendant, Jerry Berry, and then report the Defendant to the school principal. Goodpaster and Swanson had heard from other students that the Defendant was selling marijuana cigarettes, "joints," for two dollars each. As Swanson watched, Goodpaster ap-

---

1. IND.CODE 35–41–5–1; IND.CODE 35–48–4–10.

proached the Defendant in the hallway of the school by the water fountain and discussed the sale of a joint with him. Goodpaster gave the Defendant two one-dollar bills, and the Defendant told Goodpaster he had some marijuana and would give it to him during the seventh school hour, the next class period.

After Goodpaster left the Defendant, Swanson approached the Defendant and the two walked into the restroom where Swanson asked the Defendant if he was selling marijuana and asked him for some. The Defendant denied to Swanson that he had any marijuana and responded that he sold only tobacco products. A loud argument between the two ensued during which Swanson told the Defendant he had seen him sell marijuana in the hallway of the school. A teacher, Carl Coons, heard the argument and entered the restroom to find the two in a face-to-face confrontation. Coons separated the two and took them to the office of the principal, Kenneth Tilford, after Swanson told Coons that the Defendant had marijuana in his possession. Once in Tilford's office, Coons reported what he had heard, and Swanson verified the report. Though the Defendant denied possessing any marijuana, Tilford asked the Defendant to remove his jacket, which he did. Searching through the jacket pocket, Tilford discovered two one-dollar bills and three cassette tape cases, one of which contained eight hand-rolled marijuana cigarettes. Police were summoned and the Defendant was arrested. The Defendant was advised of his right to remain silent and made an oral and a written statement admitting that he had been selling marijuana at school for several weeks. The Defendant admitted that Tilford had found the two dollars Goodpaster had given him for the sale of marijuana and the marijuana which he intended to give to Goodpaster.

*Appellee's Brief* at 3–5 (record citations omitted).

As a result of these events, Berry was charged and later convicted of attempted dealing in marijuana on school property, a Class C felony. The trial court, having found aggravating factors existed, enhanced the presumptive five-year sentence by three years. In addition, the trial court ordered Berry to pay a fine of $10,000. Berry appeals both his conviction and his sentence.

## DISCUSSION AND DECISION

### I.

■ Berry asserts initially that there was insufficient evidence to support his conviction. In order to establish an attempted crime, the State must prove that a defendant acted with the specific intent of the substantive crime and that he engaged in overt conduct that constitutes a substantial step toward the commission of that crime. IND.CODE 35–41–5–1(a); *Ward v. State* (1988), Ind., 528 N.E.2d 52. The trier of fact is responsible for considering the particular circumstances of a case to determine whether a substantial step toward the commission of a crime has occurred. *Jones v. State* (1988), Ind., 523 N.E.2d 750. A defendant's conduct that goes beyond mere preparation is sufficient conduct to constitute a substantial step toward the commission of a crime. *Houston v. State* (1988), Ind.App., 528 N.E.2d 818.

Our standard of review for claims of insufficient evidence is well established. This court will not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We will consider only the evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the jury's conclusion, the verdict will not be disturbed. *Id.*

■ Most of Berry's argument on this point consists of nothing more than a presentation of his version of the facts which conflict with the version provided by the State's witnesses at trial. In light of our standard of review, we decline Berry's invitation to reweigh the evidence and to accept his version of the facts. The evidence most favorable to the State reveals that when Berry was approached by his fellow

student, Goodpaster, Berry told Goodpaster that he had some marijuana and would give it to him at the end of the next school hour. Berry took two dollars from Goodpaster and later admitted that the two dollars was payment for a marijuana cigarette. Berry also admitted in a written statement that he "started to sell a joint at the water fountain." *Record* at 242. There was sufficient evidence to support the jury's conclusion that Berry took a substantial step toward selling marijuana on school property.

◼ Berry argues in the alternative that even if his conduct amounted to a substantial step toward dealing in marijuana, his conduct also evidenced the defense of abandonment under IND.CODE 35-41-3-10. Berry bases his argument on the events that occurred with Swanson in the restroom. The attempted sale of marijuana was to Goodpaster, not Swanson. Berry's actions toward Swanson are irrelevant. There was no abandonment.

## II.

◼ Berry next contends that IND.CODE 35-48-4-10, which defines the underlying offense of dealing in marijuana, applies only to completed crimes and not to inchoate crimes, including attempts. Berry bases his argument on IND.CODE 35-48-4-10(b)(2)(B) which provides:

> (b) The offense is:
> (2) a Class C felony if:
>> (B) the person:
>>> (i) delivered; or
>>> (ii) financed the delivery of;
>> marijuana, . . . in or on school property or within one thousand (1,000) feet of school property or on a school bus.

According to Berry, the statute does not apply to inchoate crimes because the word "delivered" appears in the past tense. Berry claims the verb tense contemplates a completion of the crime. We see no merit in Berry's argument.

◼ We note the general rule that penal statutes are to be strictly construed against the State. *Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, 89, *trans. denied.* This rule, however, is subject to the premise that the statute will not be construed so narrowly as to exclude cases fairly covered by it. *Id.* The statute should be interpreted to give efficient operation to the legislative intent. *McAnalley v. State* (1987), Ind., 514 N.E.2d 831.

Berry's interpretation of IND.CODE 35-48-4-10, amounts to a construction so narrow that it excludes a case fairly covered by the statute. The legislative intent behind the statutes defining drug offenses was to increase the severity of drug offenses occurring on school property. In addition to the enhancement of the crime found in IND.CODE 35-48-4-10, IND. CODE 35-48-4-6(b) elevates possession of cocaine or a narcotic drug from a Class D felony to a Class A or B felony if the possession is in or on school property, and IND.CODE 35-48-4-7(a) elevates possession of a scheduled controlled substance from a Class D felony to a Class C felony if the substance is possessed in or on school property. In furtherance of this legislative intent, we hold that IND.CODE 35-48-4-10 applies to inchoate crimes, including attempts.

## III.

◼ Berry next maintains that the principal's search of his jacket was an unreasonable search and seizure in violation of the rights guaranteed him under the fourth amendment to the United States Constitution.[2] The State responds that Berry has waived this claim of error by failing to object at trial to the legality of the search, or to the admissibility of the fruits of that search. While it is true that the failure to make a timely objection at trial will result in waiver of an issue on appeal, *Bozeman v. State* (1988), Ind., 526 N.E.2d 1173, we will address the merits of Berry's argument because it is necessary to our disposi-

---

**2.** The actions of public school officials are subject to the dictates of the fourth amendment which applies to the States through the four- teenth amendment. *New Jersey v. T.L.O.* (1985), 469 U.S. 325, 334, 105 S.Ct. 733, 739, 83 L.Ed.2d 720, 730.

tion of his claim of ineffective assistance of counsel.

In *New Jersey v. T.L.O.*, *supra* n. 2, the United States Supreme Court held that a school official's search of a student is not subject to the fourth amendment warrant requirement and does not require the same degree of suspicion that constitutes probable cause. "Rather, the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search." 469 U.S. at 341, 105 S.Ct. at 742, 83 L.Ed.2d at 734. In determining whether a particular search is reasonable, two inquiries must be made. First, whether the search was justified at its inception and, second, whether the search as executed was reasonably related in scope to the circumstances which justified the original interference. *Id.*

In *T.L.O.*, the Supreme Court held an assistant vice principal's search of T.L.O.'s purse was reasonable under the circumstances. The search conducted in *T.L.O.* was prompted by a teacher's discovery of T.L.O. and another student smoking cigarettes in the school lavatory. Because smoking in the restroom was a violation of school rules, the teacher took the two students to the principal's office and reported the incident. The assistant vice principal questioned the students and while T.L.O.'s companion admitted she was smoking, T.L.O. denied that she had been smoking in the restroom and stated that she did not smoke at all. The assistant vice principal searched T.L.O.'s purse and discovered a pack of cigarettes. Upon removing the cigarettes from T.L.O.'s purse, the assistant vice principal discovered a package of cigarette rolling papers. This discovery led the vice principal to believe that T.L.O. might possess additional evidence of drug use, and so he searched her purse further, finding marijuana and items linked with smoking marijuana and involvement in drug trafficking.

The United States Supreme Court found that the search conducted by the vice principal was reasonable under the circumstances. The search was justified at its inception because a teacher had reported T.L.O. to the vice principal for an infraction of a school rule. Because T.L.O. denied that she had been smoking in the lavatory and denied that she smoked at all, the search was justified because if T.L.O. was in possession of cigarettes her denials were called into question. Further exploration of T.L.O.'s purse was justified because the discovery of cigarette rolling papers gave rise to the suspicion that she possessed marijuana as well as cigarettes.

Berry attempts to distinguish his case from the facts set forth in *T.L.O.* He maintains that the search of his jacket was not justified at the inception because it was "based solely upon an uncorroborated accusation by another student." *Appellant's Brief* at 25. We find no merit in Berry's argument and find that the search conducted by the principal was reasonable under all the circumstances. Principal Tilford testified at trial that the school had published rules prohibiting the sale or possession of drugs on school property. Coons, the teacher who discovered Berry and Swanson arguing in the restroom, testified that the two students were arguing about Berry selling marijuana by the water fountain. Coons took the students to the principal's office where he relayed what happened. Swanson told Tilford that Berry was selling marijuana.

Given these circumstances, we find Tilford's search of Berry's jacket was reasonable. The search was reasonable at its inception because Coons reported that a possible rule violation had occurred which Swanson confirmed. The fact that another student was involved in the report does not necessarily make the search unreasonable. In addition, Berry initially denied selling marijuana and denied that he possessed any. As in *T.L.O.*, Berry's denial is one of the circumstances justifying the search to confirm or refute his denial. The search was reasonable in its scope because the principal searched Berry's jacket, a likely place to find marijuana if Berry possessed it, and once the principal found the marijuana, he ceased the search. We find that under all the circumstances presented, the search of Berry's jacket was reasonable.

## IV.

■ Berry next contends that the trial court erred in admitting into evidence State's Exhibit 1A, the eight hand-rolled marijuana cigarettes. He maintains that the State failed to establish a proper chain of custody from the time the marijuana was taken from Berry to the time it was admitted at trial. In his argument on this point, Berry fails to provide us with any citation to legal authority and presents no argument to accompany his recitation of the facts relating to this issue. While the failure to cite relevant legal authority or to present a cogent legal argument normally results in waiver of an issue on appeal, Ind.Appellate Rule 8.3(A)(7); *Willsey v. Peoples Fed. Sav. & Loan* (1988), Ind.App., 529 N.E.2d 1199, *trans. denied*, we again address the merits of Berry's argument in order to dispose of some of his claims of ineffective assistance of counsel based on his trial counsel's failure to object to the admission of State's Exhibit 1A.

■ In order to establish a chain of custody, the State need only provide evidence that strongly suggests the exact whereabouts of the evidence at all times. *Russell v. State* (1986), Ind., 489 N.E.2d 955. The State need not provide evidence which excludes all possibilities of mishap or tampering, but must provide only a reasonable assurance that the evidence passed through various hands in an undisturbed condition. *Id.* If a defendant's argument does no more than raise the possibility of tampering with the evidence, it is without merit. *Id.*

Berry's argument is without merit. Sergeant George Schneider of the Indiana State Police testified at trial that he was summoned to Principal Tilford's office and upon his arrival, observed the cassette tape cases, hand-rolled cigarettes, and two one dollar bills lying on the principal's desk. Berry was present in the office and admitted to Sergeant Schneider that the money was given to him at the water fountain for the sale of one marijuana cigarette. Sergeant Schneider testified that he took the items from the principal's desk, placed them in an evidence bag, initialed and sealed the bag and marked it with the date and a case number. Sergeant Schneider then took the evidence bag and placed it in temporary storage in an evidence locker at the State Police Post in Putnamville. The evidence bag was removed from the temporary storage and placed in permanent storage in another evidence room by Gary Hood, an evidence technician for the State Police. Hood then removed the evidence bag from the evidence room and took it to Indianapolis for analysis of the cigarettes. An evidence clerk in Indianapolis took the evidence bag from Hood and placed it in a locked evidence vault. George Smith, a laboratory chemist received the sealed evidence bag from the clerk and removed the cigarettes to test them for marijuana. Smith tested the cigarettes, resealed the bag and returned it to the evidence clerk who placed it back in the laboratory evidence vault. Gary Hood then returned to Indianapolis where he received the sealed evidence bag from the evidence clerk. Hood brought the evidence bag back to Putnamville and placed it in the evidence room where it remained until the date of trial. We hold that the evidence presented by the State strongly suggests the whereabouts of the evidence at all times and provides a reasonable assurance that no one tampered with the marijuana. The State established an adequate chain of custody for Exhibit 1A.

## V.

Berry claims he received ineffective assistance of counsel and supports his claim with citations to 26 separate places in the record where counsel allegedly failed to adequately represent him. To succeed on an ineffective assistance claim, Berry must demonstrate that his attorney's representation fell below an objective standard of reasonableness under prevailing professional norms. He must also show that his attorney's failure to function was so prejudicial that it deprived him of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. A fair trial is denied when the conviction and sentence resulted from a breakdown in the adversarial process that caused the result

to be unreliable. *Id.* To meet his burden of proof, Berry must present strong and convincing evidence to overcome the strong presumption that his attorney prepared and executed his client's defense effectively. *Williams v. State* (1987), Ind., 508 N.E.2d 1264. On review, this court will not speculate about what may have been the most advantageous strategy; isolated bad tactics or inexperience do not constitute ineffective assistance of counsel. *Id.*

Berry first discusses the defense his trial counsel presented on his behalf. He presents an overview of how the defense progressed, but does not enlighten us as to how the defense was inadequate. Failure to present a cogent legal argument results in waiver of this issue. A.R. 8.3(A)(7).

▮ Berry also cites several instances in which trial counsel failed to object to certain testimony given by Goodpaster, Swanson and Tilford. Outside of informing us that no objection was made, Berry has presented no explanation of what objections should have been made or how his counsel's failure to object prejudiced him or affected the fairness of the trial. We will not speculate on this issue, and absent strong and convincing evidence to the contrary, we adhere to the strong presumption that counsel rendered effective assistance. *Engle v. State* (1987), Ind., 506 N.E.2d 3.

▮ Berry next claims ineffective assistance arising from his counsel's failure to object to certain witnesses' mention of the fact that Berry admitted selling marijuana to other students in school. To establish ineffective assistance in this instance, Berry must establish that had the objection been made, the trial court would have had no choice but to sustain it. *Oglesby v. State* (1987), Ind., 515 N.E.2d 1082. Berry alleges that the testimony was hearsay and that he was highly prejudiced by the jury's exposure to the information. The admissions at issue were given orally by Berry, first to Sergeant Schneider at the school and later to a police detective at the State Police post. Berry was read his rights, executed a written waiver of those rights, and testified at trial that he understood the rights as read to him. Tes-

timony regarding such voluntary admissions obtained in the absence of oppressive police conduct is admissible. *Linthicum v. State* (1987), Ind., 511 N.E.2d 1026. Accordingly, trial counsel's failure to object to testimony regarding the statements was not ineffective assistance of counsel.

▮ Although it is not entirely clear, Berry's next argument appears to be an attack on trial counsel's failure to move to strike three of Sergeant Schneider's answers as unresponsive. When asked whether Berry possessed any money apart from the two one dollar bills lying on the principal's desk, Sergeant Schneider testified that he did not know whether Berry possessed any additional money, but that he secured only the two one dollar bills because they were the ones Berry told him he took for the sale of a marijuana cigarette. Sergeant Schneider was merely explaining to the jury that the reason he did not know whether Berry possessed additional money was because it was not necessary for him to look for any. It was not necessary for Sergeant Schneider to look for any additional money because Berry told Sergeant Schneider that the money lying on the principal's desk was the money he took for the sale of one marijuana cigarette. The objection Berry suggests should have been made would not have resulted in the responses being stricken from the record. Accordingly, trial counsel's failure to enter the objection was not ineffective assistance of counsel.

Berry's arguments concerning trial counsel's failure to object to the fruits of the principal's search of his jacket are without merit given our decision in Part III that the search was reasonable. The same is true for Berry's arguments regarding counsel's failure to object to the admissibility of the marijuana cigarettes based on the State's failure to establish an adequate chain of custody. We determined the chain of custody was sufficient in Part IV of this opinion.

Berry next claims ineffective assistance in his trial counsel's opening statement. Once again, Berry presents his argument in a conclusory fashion and fails to inform

us of how counsel's performance was deficient. He further fails to demonstrate, outside of his bare allegations, how he was affected by counsel's alleged incompetence. We find no ineffective assistance of counsel on this point.

Berry also contends that his counsel was ineffective in the defense he chose to pursue. The selection of a defense is a matter of strategy. Berry's insistence that trial counsel was ineffective for failing to pursue an abandonment defense is without merit because, as we have previously stated, such a defense would have certainly failed. Counsel was therefore not ineffective for failing to pursue such a defense. *Miller v. State* (1989), Ind., 541 N.E.2d 260.

Counsel was not ineffective for failing to inform the trial court that the offense was not a Class C felony. We have already reached a conclusion opposite to Berry's argument that IND.CODE 35–48–4–10(b)(2)(B) does not apply to inchoate crimes. Counsel's failure to make this argument does not render his assistance ineffective.

■ Finally, we do not find trial counsel's failure to file a motion to correct error amounts to ineffective assistance of counsel. The filing of a motion to correct error is now optional in most cases due to the amendment of Ind. Trial Rule 59(A). Berry has failed to demonstrate how he was harmed by his counsel's failure to file the motion. Berry does not allege any issues that should have been brought in a motion to correct error which were not included in his direct appeal. We have considered his issues in this appeal and have found against him on all the issues raised. We cannot see how he would have benefitted in any way from the filing of a motion to correct error. There was no ineffective assistance of counsel on this or any other basis raised by Berry.

## VI.

■ Berry finally claims error in sentencing. We remind him that sentencing decisions rest within the sound discretion of the trial court. *Duvall v. State* (1989), Ind., 540 N.E.2d 34. This court will

not revise a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the offense and the offender. Ind. Appellate Rule 17(B); *Durbin v. State* (1989), Ind.App., 547 N.E.2d 1096. A single aggravating factor may support the enhancement of a presumptive sentence or the imposition of consecutive sentences. *Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1092. Consideration of mitigating factors in sentencing is not mandatory and is within the sound discretion of the trial court. *Brehm v. State* (1990), Ind.App., 558 N.E.2d 906.

■ At the sentencing hearing, the trial court noted the aggravating factors were Berry's criminal record, consisting of two juvenile offenses and one adult offense, and that imposition of a reduced sentence would depreciate the serious nature of the crime. Berry contends that the trial court improperly considered his prior criminal record as an aggravating factor. Specifically, he argues that because one of his juvenile convictions was obtained without representation by counsel, it could not be used to enhance his sentence. In support of his argument, he cites *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, and *United States v. Tucker* (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, for the proposition that prior uncounseled convictions cannot be used for sentence enhancement purposes. Assuming for the sake of argument that Berry was not represented by counsel in one of his juvenile convictions, the cases he cites do not support his position.

In *Baldasar,* the United States Supreme Court held that pursuant to *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383, a prior uncounseled conviction could not be used to enhance a second misdemeanor into a felony with a prison term. This rule does not apply in the present case. The use of the prior conviction here was to enhance a sentence, not an offense. Similarly, *Tucker* does not guide us in our disposition of this case. In *Tucker,* the defendant's enhanced sentence was imposed based on three prior convictions. Subsequent to sentencing, two of those

convictions were reversed because they were obtained in violation of the defendant's right to counsel. That is, the defendant was not advised of his right to counsel and he did not knowingly or intelligently waive that right. The Supreme Court accordingly upheld the Court of Appeals decision to remand the case to the District Court for resentencing. The decision was based on the fact that the original sentencing court did not know that two of Tucker's prior convictions were constitutionally infirm. In the present case, there is no evidence that Berry was not advised of his right to counsel or that he did not waive his right to counsel when the juvenile conviction was obtained. Even if there were such evidence, the fact that the conviction was allegedly uncounseled was brought to the attention of the sentencing court for his consideration in rendering sentence. The trial court did not err in using Berry's prior criminal record as an aggravating factor.

Berry also contends that the trial court erred in considering his adult offense as an aggravating factor because the presentence report listed that offense as not verified. It is possible, as Berry suggests, that the offense did not result in conviction. It is well established in Indiana that an offense does not have to result in conviction to be considered an aggravating circumstance for sentence enhancement purposes. *Creasy v. State* (1988), Ind., 518 N.E.2d 785. The sentence imposed was not manifestly unreasonable.[3]

The sentence and conviction are affirmed.

ROBERTSON and MILLER, JJ., concur.

---

3. Berry does not challenge the imposition of the monetary fine and we, therefore, do not address it.