William **JARRETT**, Appellant–Petitioner,

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 26A01–9104–PC–114.**

Court of Appeals of Indiana,
First District.

Oct. 17, 1991.

Transfer Denied Jan. 23, 1992.

Jane Ruemmele, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

Defendant-appellant William Jarrett was convicted of child molesting by deviate conduct, a Class B felony,[1] and child molesting by fondling, a Class C felony.[2] At the time of the offenses, the victim, T.M., was one month shy of his sixth birthday. Our supreme court affirmed Jarrett's convictions on direct appeal, *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097. Jarrett subsequently filed a petition for post-conviction relief, which was denied. Jarrett now appeals to this court the denial of his petition.

Jarrett raises nine issues for our review, which we restate as:

I. Whether he received effective assistance of trial counsel.

II. Whether he received effective assistance of appellate counsel in his direct appeal.

III. Whether his convictions were supported by sufficient evidence.

We affirm.

---

1. IND.CODE 35–42–4–34(a)

2. IND.CODE 35–42–4–3(b)

## FACTS

The evidence most favorable to the verdict, as found by our supreme court, *Jarrett, supra*, reveals that on June 11, 1982, T.M. was left alone with Jarrett in Jarrett's trailer. While in bed, Jarrett made T.M. fondle Jarrett's penis, he stuck his penis in T.M.'s mouth, and he attempted anal intercourse. Jarrett warned T.M. not to tell anyone. When T.M.'s mother arrived at the trailer T.M. was crying. After his visit with Jarrett, T.M. began telling his parents he did not like Jarrett. Within two weeks after the visit, T.M.'s parents discovered T.M. attempting anal intercourse with another young boy. When asked by his parents who showed him how to do it, T.M. identified Jarrett. In turn, T.M. reported being molested by Jarrett to his father, mother, Gibson County Deputy Sheriff George Ballard, and pediatrician Dr. Kenneth Buehlman.

Evidence presented at trial showed Jarrett previously molested T.M. on an outing in May of 1982, fondled a 14–year–old boy in 1981, was convicted in 1974 for assault and battery with intent to gratify sexual desires for making his nephew perform oral sex on him, and attempted, while naked, to pull his nephew into bed with him in 1973.

The jury convicted Jarrett of two counts of child molesting and the trial court sentenced him to 20 years' imprisonment for the Class B felony and five years' imprisonment for the Class C felony, to be served consecutively. Throughout his trial, sentencing, and direct appeal, Jarrett was represented by the same attorney, Barry Standley. Jarrett's present attorney, Jane Ruemmele, filed amendments to Jarrett's *pro se* petition for post-conviction relief on February 22, 1990. The post-conviction court denied the petition on January 7, 1991. This appeal ensued.

## DISCUSSION AND DECISION

█ We begin by noting Jarrett had the burden of establishing grounds for relief in his post-conviction proceedings by a preponderance of the evidence. *Carter v. State* (1990), Ind.App., 560 N.E.2d 687, 688,

*trans. denied.* To succeed in appealing from the denial of his petition, Jarrett must show the evidence was without conflict and led only to a conclusion opposite of that found by the post-conviction court. *Id.* Because the post-conviction court is the sole judge of the evidence and the credibility of witnesses, it is not our function to reweigh the evidence or judge the credibility of the witnesses. *Sims v. State* (1989), Ind.App., 547 N.E.2d 895, 897, *trans. denied.*

I

█ Jarrett alleges seven grounds to show he was denied effective assistance of trial counsel. Generally, an issue is waived for post-conviction relief when it was available on direct appeal but was not raised. *Smith v. State* (1990), Ind.App., 559 N.E.2d 338, 342, *trans. denied.* Waiver of an issue may be avoided in post-conviction proceedings, however, if failure to present the issue was due to "deprivation of the Sixth Amendment right to effective assistance of counsel" or the issue was "demonstrably unavailable to the petitioner at the time of his trial and direct appeal." *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1263; *See also Harding v. State* (1989), Ind.App., 545 N.E.2d 14, 15, *trans. denied.* Jarrett did not allege ineffective assistance of trial counsel in his direct appeal because he was represented by the same counsel in both his trial and direct appeal. Because we cannot expect counsel to allege his own ineffectiveness, Jarrett's failure to raise ineffectiveness of trial counsel in his direct appeal did not render the issues waived. *See Smith, supra.*

█ In reviewing competency of counsel, there is a strong presumption counsel is competent, requiring strong and convincing evidence to rebut. *Williams v. State* (1987), Ind., 508 N.E.2d 1264. We will not speculate about what strategy may have proven to be the most favorable to the defendant. *Berry v. State* (1990), Ind.App., 561 N.E.2d 832. Jarrett must show his attorney's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*

*v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. He must also show his attorney's failure to function was so prejudicial that it deprived him of a fair trial. *Id.*

(A) *Competency of Victim to Testify*

■ Jarrett argues his trial counsel was ineffective for failing to object to the trial court's determination T.M., a five-year old boy, was competent to testify at trial. Under Indiana law in effect at the time of Jarrett's trial and appeal, a child less than ten years of age was presumed incompetent to testify at trial unless the child understood the difference between telling the truth and lying, and that the oath obligated him to tell the truth. IND.CODE 34–1–14–5.[3] Before allowing T.M. to testify, the trial court was required to conduct a voir dire examination to overcome the presumption of incompetence. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1297. The trial court's determination T.M. was competent will not be reversed on appeal absent a manifest abuse of discretion. *Id.* at 1298. Deference is to be afforded the trial court's determination of competency because the trial court has the opportunity to observe the child's intelligence, demeanor and maturity. *See Peters v. State* (1984), Ind., 470 N.E.2d 708, 710.

When asked at his competency hearing what a lie was, T.M. responded, "Don't tell nothing ... not telling nobody." T.M. stated the truth was "telling bodies ... somebody." When asked the difference between the truth and a lie, T.M. responded, "None, I don't know." The court asked T.M. if he had ever told his parents something that was not true, and T.M. responded, "Not feeding the rabbits." The court determined T.M. told his parents he fed the rabbits when he really had not. T.M. agreed it was wrong not to tell the truth, and he agreed he would tell the truth if he was asked questions in court. *Record* at 313–24. Immediately before T.M. testified

at trial, the court again questioned him about telling the truth. T.M. indicated it was wrong not to tell the truth. *Trial Record* at 161–62.

While we recognize this transcript provides conflicting evidence as to whether T.M. fully understood the difference between telling the truth and telling a lie, we cannot find it was an abuse of the trial court's discretion to find T.M. competent to testify. T.M. indicated he knew what a lie was by recalling, as an example, when he told his parents he had fed the rabbits, when he had not. T.M. was also able to state he knew it was wrong to tell lies and that he would tell the truth. Because the trial court properly found T.M. was competent to testify, Jarrett's counsel was not ineffective for failing to object to the trial court's determination.

(B) *Repetition of Victim's Out–Of–Court Statements*

■ Jarrett argues his trial counsel was ineffective for not objecting when the trial court allowed cumulative testimony of four witnesses repeating allegations made by T.M. against Jarrett. We acknowledge that our supreme court recently disapproved of the kind of cumulative testimony held admissible in Jarrett's trial. In *Modesitt v. State* (1991), 578 N.E.2d 649, our supreme court overruled the long-standing rule, originally enunciated by the Court in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, permitting such testimony. Specifically, the *Patterson* rule permitted prior out-of-court statements to be admitted as substantive evidence, even though they were not made under oath, provided the declarant was present and available for cross-examination when the statements were offered into evidence. *Id.*, 324 N.E.2d at 484–85. Now, under *Modesitt*, only under limited circumstances may the trial court admit as substantive evidence the cumulative testimony of witnesses repeating out-of-court statements made by others. *Modesitt, supra,* at 653–54. We

---

**3.** No longer is there a statutory presumption that children under ten years of age are incompetent to testify. Effective July 1, 1990, the Indiana legislature repealed the portion of IND.

CODE 34–1–14–5 that codified a presumption of incompetency for children under ten years of age. P.L. 37–1990, §§ 20, 30.

find this new rule has no application in Jarrett's appeal, however, because the Supreme Court explicitly denied its retroactive application. *Id.* at 654.

To find Jarrett's trial counsel was ineffective for failing to object to the cumulative testimony, Jarrett asks us to apply the reasoning of *Stone v. State* (1989), Ind. App., 536 N.E.2d 534, *trans. denied.* This court decided *Stone,* a child molesting case, seven years after Jarrett's conviction, and five years after the final resolution of his direct appeal. In that case, we found the trial court abused its discretion when it permitted the victim's version of the sex acts to be repeated by seven witnesses. We found the evidence unduly emphasized the inflammatory aspects of the State's case and tended to cause the jury "to decide the case on an emotional basis, rather than upon the evidence presented." *Id.* at 540. We note the Supreme Court agreed in *Modesitt* that "drumbeat repetition of the victim's original story prior to calling the victim to testify" might unduly prejudice the jury against the defendant. *Modesitt, supra,* at 652.

Although these cases clearly prohibit the testimony introduced in Jarrett's trial, we will not label Jarrett's counsel ineffective for failing to argue the legal reasoning of cases not yet decided at the time of his trial or direct appeal. *See Allen v. State* (1986), Ind., 498 N.E.2d 1214, 1217; *Cf. Hill v. State* (1990), Ind., 561 N.E.2d 784, 785 (failure to object to instructions not ineffective assistance where nothing about instruction would necessarily call counsel's attention to possibility the instructions might be declared unconstitutional in the future). At the time of Jarrett's trial, our supreme court had held evidence should not be excluded merely because it is cumulative. *See, e.g., Buttram v. State* (1978), 269 Ind. 598, 602, 382 N.E.2d 166, 169 (not error to admit testimony of three witnesses who recounted statements made by a child victim); *Feller v. State* (1976), 264 Ind. 541, 545, 348 N.E.2d 8, 13. Accordingly, Jarrett's counsel was not ineffective for not objecting to the repetitious testimony.

(C) *Testimony Regarding Competency of Victim*

 Jarrett argues he received ineffective assistance of trial counsel when his counsel did not object to testimony of Dr. Buehlman and follow-up prosecutorial comments. Specifically, Jarrett objects to Dr. Buehlman's testimony that most children T.M.'s age do not fantasize about sexual relationships without some prior exposure, and that probably 95% of the children telling stories about sexual encounters at that age are telling the truth. *Trial Record* at 281–82. Jarrett argues this testimony amounted to Dr. Buehlman impermissibly testifying that, in his opinion, T.M. was telling the truth. In Indiana, lay witnesses and experts are not competent to testify as to whether another witness is telling the truth. *Shepherd v. State* (1989), Ind., 538 N.E.2d 242.

We recognize Dr. Buehlman's testimony tended to show it was likely T.M. testified truthfully about being molested by Jarrett. We do not find, however, Dr. Buehlman's testimony amounted to him directly telling the jury he believed T.M. was telling the truth. Our finding is guided by our supreme court's decision in *Henson v. State* (1989), Ind., 535 N.E.2d 1189, 1192–93. In that case, the supreme court found reversible error when the trial court excluded expert testimony that the victim's behavior was inconsistent with that of a person who had suffered a traumatic rape. While the evidence tended to show the victim's testimony was not credible, the supreme court found it did not amount to direct testimony about the victim's credibility. Consequently, the testimony should have been admitted in that case, as Dr. Buehlman's testimony was properly admitted in this case. Jarrett's counsel was not ineffective for not objecting to properly admitted testimony.

Jarrett also asserts his counsel was ineffective for not objecting to related comments made by the prosecutor in his closing statement. The prosecutor may comment on evidence presented to the jury, drawing logical conclusions from such evidence, as long as he does not imply personal knowledge concerning the evidence.

*Hale v. State* (1989), Ind., 547 N.E.2d 240. In this case, the prosecutor reminded the jury of Dr. Buehlman's testimony that 95% of young children tell the truth about being molested. He continued by stating, "Well, you've got a ninety-five percent [sic] that what T.M. told you is true ..." *Record* at 297. Jarrett asserts this comment was improper because it was not supported by the evidence, as it was not a logical conclusion drawn from Dr. Buehlman's testimony. We agree the prosecutor mischaracterized slightly Dr. Buehlman's testimony; however, the comment was a logical conclusion drawn from the doctor's testimony. We find, therefore, counsel's conduct in not objecting to the prosecutor's remarks was not clearly unreasonable. As such, Jarrett has failed to make the showing necessary to succeed in appealing from the post-conviction court's denial of relief. *See Strickland, supra.*

#### (D) *Evidence of Prior Sexually Deviant Acts*

▮ Jarrett asserts evidence about his prior sexual misconduct denied him a fair trial, and that his counsel was, therefore, ineffective for failing to object. In Jarrett's direct appeal, our supreme court affirmed the admission of evidence of Jarrett's 1974 conviction for assault and battery with intent to gratify sexual desires, evidence T.M. and a young friend were found attempting anal intercourse following T.M.'s contact with Jarrett, and evidence Jarrett attempted to put his hand down the pants of a 14–year–old boy and touch his penis. *Jarrett, supra* at 1100. The supreme court also decided a mistrial was not required after the trial court admonished and instructed the jury to disregard Officer Ballard's testimony that Jarrett's sexual relations with his nephew occurred several times. *Id.* Now, Jarrett argues introduction of this evidence denied him a fair trial and should have been objected to by his counsel.

Issues raised on direct appeal and decided adversely to the defendant's position are *res judicata* and are unavailable as grounds for post-conviction relief. *Har-*

*ding v. State* (1989), Ind.App., 545 N.E.2d 14, 17, *trans. denied.* This applies equally to variations of original issues decided in the direct appeal, then raised later under different designations in post-conviction proceedings. *Id.* In this case, any possible prejudice created by this evidence was decided against Jarrett by the supreme court. Because the supreme court held the evidence was properly admitted, Jarrett's counsel was not ineffective for failing to object.

To the extent Jarrett requests us to abolish the depraved sexual instinct rule, we decline the invitation. It is not our prerogative to abandon long-standing precedent that was only recently reaffirmed by our supreme court. *See Kuchel v. State* (1991), Ind., 570 N.E.2d 910, 917.

#### (E) *Court's Opening Comments To Jury*

▮ Jarrett asserts he was denied effective assistance of counsel by his trial counsel's failure to object to the court's opening comments to the jury. In part, the court instructed the jurors as follows:

> The function of the jury is that of the fact finder. The prosecutor seated at this table function [sic] is that of an advocate. His function is to prove the defendant guilty if he can. The function of the defendant and his attorney seated at the other table, is to provide the defendant with a fair trial and establish his story if they so choose.

*Record* at 135.

The court also informed the jury during voir dire that:

> [t]hese lawyers over here at the Prosecutor's table are trying to convict that man. That lawyer over at the defendant's table is trying to get you to not convict that man. They're trying to accomplish an end. You're the only one, along with me, that's sitting in the middle.

*Record* at 147.

Jarrett alleges these comments improperly violated his presumption of innocence and shifted the burden of proof to him. We disagree. The jury instructions should not be read in isolation, but should be considered together. *Cardwell v. State* (1987),

Ind.App., 516 N.E.2d 1083, 1087, *trans. denied*. To be upheld, an instruction need not be a full statement of the law, as long as it is a correct statement of the law. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1131. After reading the voir dire transcript, we find numerous instances in which the court fully informed the prospective jurors of the State's burden of proof. For example, the court instructed the panel that "the mere fact that the prosecutor chooses to file a charge, you can't take it as being proof that anything was even done, much less that you ought to find the man guilty on the basis of that." *Record* at 148. The court continued by instructing that "a man is presumed to be innocent of a crime unless and until the Prosecutor can prove his guilt." *Record* at 149. In explaining further the burden of proof, the court stated:

> [T]he entire burden of proof, one hundred percent, not ninety-eight, not ninety-six, a hundred percent rests upon the Prosecuting Attorney, Mr. Ankenbrand. If he cannot prove his case beyond a reasonable doubt you must continue to cloth Mr. Jarrett with the presumption he is not guilty and return a verdict to that effect....

*Record* at 151. We find these instructions, when considered as a whole, more than adequately informed the jurors about the State's burden of proof; thus, accepting these comments without objection was not ineffective assistance of counsel.

**(F)** *Jury Instructions*

■■■■■ Jarrett also argues he was denied effective assistance of trial counsel and a fair trial by his counsel's failure to object to the court's jury instructions and failure to tender his own instructions. Specifically, Jarrett claims error by his trial counsel in connection with two jury instructions. First, he asserts the final instructions inadequately delineated the *mens rea* element of child molesting. Second, he claims the Court's Final Instruction No. 6 impermissibly created a presumption of truthfulness for all testifying witnesses.

Regarding Jarrett's first argument, we recognize the child molesting code provision, IND.CODE 35-42-4-3, does not specifically provide for a *mens rea* element. Despite this omission, we have held mens rea is a necessary element of the crime of child molesting. *Cardwell, supra* at 1086. Jury instructions purporting to set forth all elements of a crime necessary to prove guilt are fatally defective if they fail to include a necessary element of the offense. *Duling v. State* (1976), 170 Ind.App. 607, 354 N.E.2d 286. Thus, the final instructions, when read together as a whole, must have informed the jury that Jarrett had to have acted knowingly or intentionally in order for him to be found guilty of child molesting. *Cardwell, supra,* at 1087.

In this case, the court instructed the jury in Final Instruction No. 4 that the State had the burden of proving Jarrett "guilty of each essential element of the crime charged, beyond a reasonable doubt." *Trial Record* at 351. With State's Instructions Nos. 1, 2 and 3, the court informed the jury:

> You are instructed that a person who, with a child under twelve (12) years of age, performs or submits to deviate sexual conduct commits child molesting, a Class B felony. I.C. 35-42-4-3(a).

> You are instructed that "Deviate Sexual Conduct" means an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person. I.C. 35-41-1-2.[4]

> You are instructed that a person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with the intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony. I.C. 35-42-4-3.

*Trial Record* at 367, 369.

We find the language of these instructions "utilize[d] words referring to deliber-

---

**4.** IND.CODE 35-41-1-2 defining sexually deviate conduct was repealed in 1983 by 1983 Ind. Acts Pub.L. No. 311-1983. The current statutory definition of deviate sexual conduct is found under IND.CODE 35-41-1-9. In 1984, the language "of sexual gratification" was deleted from the statute. 1984 Ind.Acts Pub.L. No. 183-1984.

ate injurious conduct, words which in their plain meaning would be understood by the jury as including criminal knowledge or intent." *Snider v. State* (1984), Ind., 468 N.E.2d 1037, 1039. Specifically, Final Instruction No. 2 required finding Jarrett performed or submitted to "an act of sexual gratification" before he could be convicted of Class B felony child molesting. In addition, Final Instruction No. 3 required finding Jarrett acted "with the intent to arouse or to satisfy the sexual desires of either the child or [himself] ..." before the jury could convict him of Class C felony child molestation.

Because the jury instructions, as a whole, placed the *mens rea* element before the jury, Jarrett's trial counsel was not ineffective for failing to object to the final instructions or for failing to tender his own instructions.

Next, Jarrett argues the Court's Final Instruction No. 6 created a presumption of truthfulness for all testifying witnesses, thereby violating the presumption of Jarrett's innocence. The instruction provided:

You are the exclusive judges of the evidence, the credibility of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his or her ability and opportunity to observe; the manner and conduct of the witness while testifying; any interest, bias or prejudice, the witness may have; any relationship with other witnesses or interested parties; and the reasonableness of the testimony of the witness considered in the light of all of the evidence in the case.

You should attempt to fit the evidence to the presumption that the defendant is innocent and the theory that every witness is telling the truth. You should not disregard the testimony of any witness without a reason and without careful consideration. If you find conflicting testimony, you must determine which of the witnesses you will believe and which of them you will disbelieve.

In weighing the testimony to determine what or whom you will believe, you should use your own knowledge, experience and common sense gained from day to day living. The number of witnesses who testify to a particular fact, or the quantity of evidence on a particular point need not control your determination of the truth. You should give the greatest weight to that evidence which convinces you most strongly of its truthfulness.

*Record* at 307.

We hold Jarrett's trial counsel did not render ineffective assistance for not objecting to this instruction. Final Instruction No. 6 is a model instruction on the credibility of witnesses and weighing evidence. *Indiana Pattern Jury Instructions (Criminal)*, Preliminary Instruction No. 1.17 (2nd ed. 1991). Jarrett's trial counsel was not ineffective for failing to challenge this instruction, an instruction that has been repeatedly approved by Indiana appellate courts. *See Sanders v. State* (1984), Ind., 466 N.E.2d 424, 429; *Vaughan v. State* (1983), Ind.App., 446 N.E.2d 1, 3 n. 3.

(G) *Aggravating Circumstances*

 Jarrett argues he was denied effective assistance of trial counsel and a fair sentencing hearing when his counsel failed to object to aggravating factors the court found justified an enhanced sentence. The sentencing decision rests within the trial court's sound discretion. *Berry v. State* (1990), Ind.App., 561 N.E.2d 832, 840. We remind Jarrett we will revise a sentence authorized by statute only if it is manifestly unreasonable in light of the offense and the offender. Ind.Appellate rule 17(B); *Berry, supra.* The trial court may properly enhance a presumptive sentence or impose consecutive sentences when it finds a single aggravating factor to support the sentence. *Id.*

At the sentencing hearing, the trial court identified the following aggravating factors: Jarrett's prior criminal record involving similar criminal sexual activity and juvenile burglary and theft, psychiatric care needed by one of Jarrett's prior victims following contact with Jarrett, and Jarrett's lack of remorse. Jarrett argues the trial court improperly considered psy-

chiatric care needed by a prior victim. At the post-conviction hearing the victim testified that contact with Jarrett was not responsible for his subsequent psychiatric problems. Jarrett also asserts the court erred when it considered his lack of remorse as anything more than a modest aggravating factor because Jarrett maintains his innocence. *See Owens v. State* (1989), Ind., 544 N.E.2d 1375 (lack of remorse by a person who maintains his innocence must be regarded as a modest aggravating factor at sentencing).

We will not revise Jarrett's sentence as long as there was at least one proper aggravating circumstance to support the sentence. *Serano v. State* (1990), Ind.App., 555 N.E.2d 487, 495, *trans. denied.* The trial court specifically justified an increase in Jarrett's base penalty and imposed consecutive sentences because of Jarrett's "pattern of prior criminal activity posing him as a danger to the children that seem to be his predilection in regard to his sexual preference." *Trial Record* at 392. The court found Jarrett's history included indecent exposure to a six-year-old girl in 1960, a 1974 conviction for assault and battery with intent to satisfy sexual desires involving a 14–year–old boy, and the present conviction for molestation of T.M. This history of deviate sexual conduct involving children more than adequately supports Jarrett's enhanced and consecutive sentences. Because we affirm the trial court's sentencing decision based on this aggravating factor, we need not decide the merit of Jarrett's argument the trial court considered two improper aggravating factors.

## II

▮▮▮▮ Jarrett argues his appellate counsel was ineffective for not appealing the trial court's denial of his motion for a mistrial after Officer Ballard used a prior pre-sentence report to refresh his memory while testifying for the State. The 1974 pre-sentence report was prepared in part by Officer Ballard for Jarrett's 1974 conviction for assault and battery with intent to gratify sexual desires.

We recognize a pre-sentence report may not be introduced into evidence and given to the jury. *Robinson v. State* (1979), 180 Ind.App. 555, 389 N.E.2d 371. Disclosure of confidential information contained in such reports violates IND.CODE 35–4.1–4–14 [5] and constitutes fundamental error. *Id.* In this case, however, use of the report was not fundamental error because there was no impermissible disclosure of confidential information to the jury. The report was not introduced into evidence, but was merely used by Officer Ballard to refresh his memory about relevant facts known by him when the report was prepared.

Neither did use of the pre-sentence report in this case create reversible error. Our supreme court affirmed the admissibility of evidence of Jarrett's 1974 conviction for assault and battery with intent to gratify sexual desires. *Jarrett, supra* at 1099. We also affirm its admissibility under the depraved sexual instinct rule. Accordingly, no prejudice was created by informing the jury of Jarrett's prior criminal record via the presentence report. *See Northern v. State* (1986), Ind., 489 N.E.2d 520, 522 (introduction of presentence reports in habitual offender proceeding did not merit reversal when there was overwhelming proof of two prior felony convictions).

## III

Finally, Jarrett argues there was insufficient evidence to support his convictions; however, he does not allege ineffective assistance of trial or appellate counsel. As we noted at the outset, a petitioner may not raise issues in post-conviction proceedings following a direct appeal without first showing the issues were unascertainable or unavailable at the time of trial or direct appeal. *Harding, supra.*

First, Jarrett argues there was insufficient evidence to sustain his convictions for molesting T.M. Jarrett primarily challenges the credibility of T.M.'s testimony,

**5.** At the time of Jarrett's trial, IND.CODE 35–4.1–4–14 was in effect. The provision was repealed by 1983 Ind.Acts Pub.L. No. 311–1983. The current statutory provision is IND.CODE 35–38–1–13.

citing a passage from cross-examination in which T.M. was asked, "Uncle Bill didn't do those things you said he did, did he?", to which T.M. responded, "Nope." *Trial Record* at 183. Because Jarrett offers no explanation for his failure to raise this issue at trial or in his direct appeal, it is waived. *Id.* Even if Jarrett had not waived this issue, it is not our function to reweigh the evidence or judge the credibility of witnesses when reviewing the denial of a petition for post-conviction relief. *Mosley v. State* (1985), Ind., 477 N.E.2d 867, 868. Other testimony given by T.M. about the things Jarrett did to him fully supports the post-conviction court's finding there was sufficient evidence to sustain Jarrett's convictions.

Jarrett also alleges the State failed to prove two distinct acts occurred, i.e., inserting his penis into T.M.'s mouth, and submitting to the fondling of his penis by T.M. He suggests the fondling may have occurred as part of the oral sex, which would prohibit two convictions because they would be for the same act. Again, Jarrett fails to explain why he did not raise this issue earlier. For this reason, it is waived.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.