STATE OF INDIANA EX REL. WILLIAM BARLOW v. MARION CRIMINAL COURT, DIVISION III, AND HONORABLE ANDREW JACOBS, SR., AS JUDGE THEREOF. STATE OF INDIANA EX REL. TOMMY WALTERS AND JERRY WALTERS v. MARION CRIMINAL COURT, DIVISION III, AND HONORABLE ANDREW JACOBS, SR., AS JUDGE THEREOF.

[No. 277S101. Filed April 19, 1977.]

*Robert W. Hammerle,* of Indianapolis, for relator Barlow. *James H. Voyles,* of Indianapolis, *Richard Kammen,* of Indianapolis, for relators Walters.

*Andrew Jacobs, Sr.,* of Indianapolis, pro se.

DEBRULER, J.—We have consolidated these original actions for writs of mandate because each involves substantially the same question.

Relator Barlow is the defendant in a criminal prosecution in respondent court, cause number CR 77-36C. Respondent Jacobs is the duly elected and qualified regular judge of that court. Barlow is represented by a public defender appointed by respondent. Barlow was arraigned in the above cause on January 17, 1977, before respondent court and judge, and entered his plea of not guilty. On January 24, 1977, a motion for change of judge pursuant to Ind. R. Crim. P. 12, was filed on behalf of Barlow by his public defender counsel,

signed by counsel but not by Barlow personally. Respondent denied this motion on January 31, 1977, on the grounds that Rule 12 requires the defendant to sign the motion for change of judge personally. By January 31, the ten days from entry of Barlow's plea allowed by Rule 12 for filing of the change of judge motion had lapsed: on February 1, Barlow requested and was denied an extension of time to file a change of judge motion personally signed. Barlow's counsel regularly practiced in Division III of the Marion County Criminal Court and was aware that prior to the denial of Barlow's motion, changes of judge were regularly granted by respondent upon motions signed by counsel.

Relators Tommy and Jerry Walters are also defendants in criminal prosecutions in the Marion Criminal Court, Division III, cause numbers CR 77-63C and CR 77-64C. Each is represented by private counsel. After entering pleas of not guilty on January 21, 1977, Tommy and Jerry each moved respondent court for a change of judge on January 26, 1977. These motions were also signed by the Walters' attorneys rather than by the defendants themselves, and were denied by respondent for that reason on February 2, 1977.

Relators petitioned this Court for writs of mandate requiring respondent to grant their motions for change of judge. A joint hearing on both petitions was held on February 7, 1977, and on February 8th, the Court issued alternative writs of mandate directing respondent to grant relators the relief requested or show cause why the same should not be done, on or before February 18, 1977. Respondent has filed a response and brief.

Respondent's position is that Criminal Rule 12 requires a defendant moving for change of judge personally to sign the motion. The rule reads in relevant part:

"In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted upon the execution and filing of an unverified application therefor by the State of Indiana or by the defendant,"

Respondent arrives at this position by comparing Criminal Rule 12 with the corresponding language of the trial rule dealing with changes of judge in civil actions:

> "In all cases where the venue of a civil action may now be changed from the judge or county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney." Ind. R. Tr. P. 76(1).

Respondent argues that omission of the words "or his attorney" from Criminal Rule 12, and inclusion of the word "execution" with "filing" in the criminal rule, indicates the Court's intention in adopting Rule 12 to require personal execution of motions for change of judge in criminal cases. Respondent seeks to bolster his position by pointing out that before the adoption of our court rules, motions for change of judge were required to be signed by the party both in civil and criminal actions;[1] Trial Rule 76 explicitly abrogated this requirement, while Criminal Rule 12 is silent on the point.

Respondent's interpretation of Criminal Rule 12 is not unreasonable, but is nonetheless erroneous. Criminal Rule 12 does not impose the requirement that the moving defendant personally sign his change of judge motion. Prior to the adoption of Criminal Rule 12 a defendant seeking a change of judge was required to execute an affidavit swearing to his belief that the trial judge's prejudice would prevent the defendant from receiving a fair trial. Ind. Code § 35-1-25-1

---

1. "The Court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party made upon affidavit showing one or more of the following causes. . . ." Ind. Code § 34-1-13-1 (Burns 1973).

"The defendant may show to the court, by affidavit, that he believes he cannot receive a fair trial, owing to the bias and prejudice of the judge against him. . . ." Ind. Code § 35-1-25-1.

Indiana Code § 35-2-1-1 provides that either the State or the defendant may apply for a change of judge; § 35-2-1-5 requires the judge to take no further action other than to appoint a special judge. These sections were originally accompanied by a section requiring the defendant to verify his application by affidavit. Ch. 290 § 2 [1937] Ind. Acts 1350. This section was never repealed but was omitted from the Indiana Code as re-enacted January 21, 1976, as having been superseded by Criminal Rule 12.

(Burns 1975). Obviously, his counsel could not execute an affidavit swearing as to the defendant's belief. Criminal Rule 12 abolished the requirement of verification, and allowed the defendant to obtain a change of judge simply by making a timely request. Abolition of the requirement of verification removes any justification for requiring personal execution of the motion by the defendant, and renders personal execution an unnecessary impediment to the exercise of the defendant's right to obtain a change of judge. Therefore we hold that the general rule allowing attorneys to execute pleadings and motions for their clients applies to the execution of motions for change of judge pursuant to Criminal Rule 12, and that each relator's motion was not insufficient under the rule by reason of the fact that it was signed by the relator's attorney rather than relator himself. The alternate writs of mandate heretofore granted in each of these actions are hereby made absolute and permanent.

Givan, C.J., Arterburn and Prentice, JJ., concur; Hunter, J., dissents without opinion.

NOTE.—Reported at 361 N.E.2d 1206.