Riley B. MOSLEY, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 878S155.

Supreme Court of Indiana.

June 25, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis for appellee.

HUNTER, Justice.

The petitioner is before this Court on appeal from the denial of his petition for relief under Post-Conviction Relief, Rule 1. The petitioner had previously entered a guilty plea to two counts of first-degree murder and one count of rape and was sentenced to two terms of life imprisonment for the murders and to twenty-one years for the rape. His petition now raises the following issues:

1. Whether the court erred in denying his motion for change of judge at the post-conviction relief hearing;

2. Whether the petitioner was denied the effective assistance of counsel;

3. Whether the plea of guilty was knowingly, intelligently and voluntarily entered; and

4. Whether the motion for change of venue was properly granted at the time of the original guilty plea.

### I.

■ The petitioner filed his post-conviction relief petition on December 19, 1977. At that time the court appointed indigent counsel for the petitioner and scheduled the hearing for March 16, 1978. On the day of the hearing, the petitioner made a request for change of judge.

It is clear that our post-conviction rules require that a motion for change of judge be filed within ten days of the filing of the petition. Ind.R.P.C. 1 § 4(b). After the ten-day period, the granting of the petition is within the discretion of the trial court and the petitioner must show good cause. The petitioner has cited one case in which good cause was found in the inherent unfairness of the circumstances where the ten-day period expired before the defendant knew who the judge would be. *Adams v. State,* (1978) Ind., 376 N.E.2d 482. However, that type of unfairness does not exist in the instant case.

The petitioner argues that he did not know about the ten-day limit since he filed the petition *pro se* and that this constitutes good cause for his failure to comply. He also submits that the bias and prejudice of the judge are clearly demonstrated from the record since the judge was the one who accepted the original guilty plea and made a remark at that time that on the basis of petitioner's admissions and the evidence introduced he would have had no hesitancy in ordering that a death sentence be imposed.

We are not persuaded by petitioner's argument. A deputy public defender was appointed for petitioner immediately after his *pro se* petition was filed. Petitioner had ample time to talk to this attorney about the alleged bias and prejudice of the judge but did not mention it until two days before the hearing. The remark of the judge appears to be a comment on the completeness of the evidence and the heinous nature of the offense rather than an indication of any prejudice toward this particular defendant. Under these circumstances we do not find any abuse of discretion in the denial of the motion for change of venue from the judge.

### II.

■ The petitioner next contends that he was denied effective assistance of counsel at the time of his original guilty plea because his counsel only spent minimal time in consultation with him, failed to discuss the change of venue with him, and failed to challenge the voluntariness of his statements to the police.

We first note that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind.R. P.C. 1 § 5; *Davis v. State,* (1975) 263 Ind. 327, 330 N.E.2d 738. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State,* (1976) 265 Ind. 423, 355 N.E.2d 408. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984.

It has long been established that incompetency of counsel revolves around the particular facts of each case and that strong and convincing evidence is required to rebut the presumption that counsel is competent. *Laird v. State,* (1979) Ind., 385 N.E.2d 452; *Cottingham, supra; Roberts v. State,* (1977) 266 Ind. 72, 360 N.E.2d 825. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Cottingham, supra; Dull v. State,* (1978) Ind., 372 N.E.2d 171.

In the instant case, the record shows that counsel talked to the petitioner in prison two or three times for a total of at least three hours. Counsel requested that the petitioner be examined by two court-appointed psychiatrists who subsequently found him to be sane and competent to stand trial. The attorney arranged to have one charge against the petitioner dropped in exchange for the plea of guilty on the other counts. There was reliable eyewitness testimony to petitioner's crimes. The incident took place in December, 1974, when petitioner had escaped from the Honor Farm of the Indiana State Prison. He broke into a rural home, held the mother and two daughters hostage for several hours before he raped and killed the mother and one daughter. The other daughter was able to escape and testified at the hearing on the guilty plea.

This Court has often held that the actions or inactions of the attorney must have made the proceedings a mockery of justice before incompetency will be found. *Cot-*

*tingham, supra.* As outlined above, there was ample evidence of an adequate investigation and consideration of defendant's case and available defenses by the attorney. The attorney obtained a change of venue from the county since there had been a great deal of unfavorable publicity in the county in which the events occurred. The petitioner now claims that he was never consulted about this action, but this claim is unsubstantiated and will be discussed later in a separate issue. The attorney discussed the guilty plea and its consequences with the petitioner. All of this is sufficient evidence for us to find that the actions of attorney were adequate and the trial court did not err in deciding that petitioner received competent and adequate representation.

### III.

◼ Petitioner next contends that his guilty plea was not knowingly, intelligently and voluntarily entered due to the physical brutality and coercion of police and prison officials before he entered the plea. He alleges that he was kicked and beaten about the head and face when he was taken back to the prison on the night of the crime. He alleges that this brutality continued until he agreed to sign a waiver of rights form and a confession that night. He further alleges that there were threats of continued brutality which caused him to enter the guilty plea and "go along" with whatever his attorney said.

At the post-conviction hearing, five prison inmates testified that they saw the petitioner being returned to his cell on the night of the crime and that he appeared to be severely beaten. One of the police officers, named by the petitioner as being involved in the beating, also testified and denied that any beating had ever occurred. We cannot weigh this conflicting evidence on appeal, but can only consider whether all the evidence petitioner presents shows that the court reached a decision contrary to law.

The petitioner does not contend that he was not properly informed of his constitu-

tional rights prior to the plea. The record shows that the trial court carefully informed petitioner of his rights and conducted a proper inquiry into the voluntariness and intelligence of the plea. The court asked the petitioner if he was satisfied with his attorney and petitioner answered in the affirmative. The court again asked the petitioner about the voluntariness of his plea and his satisfaction with his counsel at the time of sentencing, and again the petitioner responded in the affirmative. There is thus a conflict between the hearing transcript which reflects the voluntariness of the plea and the petitioner's testimony at the post-conviction proceeding which alleges the involuntariness of the plea. Due to our limited standard of review on post-conviction proceedings, *Cottingham, supra,* we cannot weigh the conflicting evidence and we must accept the trial judge's determination in favor of the hearing transcript and the police officer's testimony.

## IV.

The petitioner finally contends that the change of venue from the county at the time of the guilty plea hearing was improper because he did not agree to it. However, he points to no procedural defects in this transfer since our rules clearly allow an attorney to verify by affidavit the rationale for seeking a change of venue without the defendant's signature. *State ex rel. Barlow v. Marion Criminal Court, Division III,* (1977) 266 Ind. 202, 361 N.E.2d 1206; Ind. Code § 35–1–25–1 (Burns 1975).

Although the defendant now alleges that he did not want a change of venue, he made no objections at the time of the guilty plea hearing and stated at that time that his relationship with his attorney was satisfactory and that he was adequately represented. The petitioner also claims he does not remember that the attorney ever discussed the change of venue with him, but the heinous nature of the crime and the amount of publicity it received supports the theory that the attorney was acting at that time in the petitioner's best interests with the petitioner's consent.

Since the record does not show any procedural defect in the change of venue but only a conflict in petitioner's statements, we must accept the trial court's determination that there was no error on this issue.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE, J., concur.

DeBRULER, J., concurs in result.

PIVARNIK, J., not participating.