**Riley B. MOSLEY, Jr. Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 883S312.

Supreme Court of Indiana.

May 15, 1985.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) appeals the summary denial of his second petition for post conviction relief. See Rule 1 of the Ind. Rules of Procedure for Post Conviction Remedies, Section 4(e). We restate Peti-

tioner's various contentions as the following single issue: whether the post conviction court erred in summarily denying the petition without a hearing.

Petitioner pled guilty in 1975 to two counts of murder, Ind.Code § 35–13–4–1 (Burns Code Ed., 1975), and one count of rape, Ind.Code § 35–13–4–3 (Burns Code Ed., 1975). He was sentenced to two terms of life imprisonment for the murder convictions, and to a term of 21 years for the rape conviction, the sentences to be served concurrently.

In 1977 Petitioner filed a petition for post conviction relief under P.C.R. 1. Pursuant to P.C.R. 1, § 8 and the rule's required verification statement, the petition was verified and included Petitioner's statement that it raised "every ground known to me for vacating, setting aside or correcting the conviction ..." The petition was denied, and the denial of relief was affirmed by this Court. *See Mosley v. State,* (1978) 271 Ind. 164, 390 N.E.2d 659.

Petitioner filed his second P.C.R. 1 petition, which is at issue in this case, February 16, 1982. It raised the following contentions:

1. Petitioner was "wrongfully charged."

2. Petitioner was the victim of malicious prosecution.

3. The information was "wrongfully filed."

4. The State had forced Petitioner to plead guilty by confronting him with perjured testimony.

To support the petition Petitioner cited several alleged procedural defects and claimed that he had been threatened with the death penalty if he did not plead guilty. Pursuant to P.C.R. 1, § 4(e), the trial court denied the petition without holding a hearing.

■ We initially state our standard of review in appeals from the denial of post conviction relief:

"Petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law."

*Young v. State,* (1984) Ind., 470 N.E.2d 70, 71–72. *See also Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360 and cases there cited. Moreover, under P.C.R. 1, § 4(e), the trial court may summarily deny the petition without a hearing if the pleadings conclusively demonstrate that the petitioner is not entitled to relief. *See, e.g., Albright v. State,* (1984) Ind., 463 N.E.2d 270, 272; *Winston v. State,* (1978) 267 Ind. 587, 372 N.E.2d 183.

■ The State contends that the trial court properly applied P.C.R. 1, § 4(e) in this case, inasmuch as the pleadings conclusively demonstrate that the second petition raises issues which were available when the first petition was filed, and we agree.

In several cases this Court and our court of appeals have refused to allow post-conviction petitioners to present an issue by subsequent petitions if the issue could have been raised in the initial petition. Although these cases have stated this rule in terms of waiver, it is technically more accurate to explain their rationale as holding that a petitioner is estopped to raise, in a subsequent petition, an issue available to him when he filed a previous petition in which he verified that he had raised "every ground known" for relief. *See, e.g., Jewell v. State,* (1979) 272 Ind. 317, 319, 397 N.E.2d 946, 947; *Lamb v. State,* (1975) 263 Ind. 137, 145, 325 N.E.2d 180, 194; *see also Stone v. State,* (1983) Ind.App., 444 N.E.2d 1214, 1215.

In this case Petitioner's various challenges all stem from the filing of charges and alleged coercion of his guilty plea. There is no allegation of newly-discovered grounds for relief. Rather, the petition merely presents issues which were available and should have been raised, if at all, in the first petition.

Petitioner claims that, notwithstanding the proscriptions against piecemeal filings, he was entitled to an evidentiary hearing for the purpose of offering evidence of material facts that could have revealed the unavailability of the grounds for relief sought to be presented by the second petition, citing *Bailey v. State*, (1983) Ind., 447 N.E.2d 1088, 1090. Petitioner, however, has misconstrued a statement from that case. True, in that case we stated that, "whether an issue has been waived can be a question of fact." That, however, does not require a hearing upon a question of waiver where the record makes it apparent that it did occur. Were it otherwise, there could be no end to filings and hearings to permit petitioners to come into court and ramble around at will in hopes of stumbling upon some detail previously unnoticed or thought to be of no significance, that arguably could bear upon the legality of their convictions.

Summary judgment was appropriate in this case because, upon the face of the record, it appeared that every ultimate issue sought to be presented by Petitioner was available to him at the time of the earlier proceedings. While it is true that whether or not an issue has been waived can be a question of fact, in the context of post conviction rules its existence or nonexistence is a conclusion, a conclusion which, in this case, is inescapable upon the face of the record. Only by pleading some fact or facts which, if proved, would dispel that conclusion, would Petitioner have been entitled to a hearing, such hearing obviously being for the purpose of determining the correctness of the facts alleged. Here there were no such facts alleged which, if proven, would have excused Petitioner from presenting the claims he seeks to present in the earlier proceedings.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.