Herbert L. HOWLAND, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S463.

Supreme Court of Indiana.

Feb. 20, 1987.

Susan K. Carpenter, Public Defender, Indianapolis, Richard Ranucci, Sp. Asst. to the Public Defender of Indiana, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from the denial of a second post-conviction relief petition. On June 11, 1980, appellant entered into a written plea agreement to plead guilty to the crimes of Robbery, a Class B felony, and Carrying a Handgun Without a License, a Class D felony. He was sentenced to terms of twenty (20) years and four (4) years to be served concurrently.

On December 9, 1980, appellant filed his first petition for post-conviction relief. A hearing was conducted on that petition and relief was denied. An appeal was taken to this Court and the trial court was affirmed. *Howland v. State* (1982), Ind., 442 N.E.2d 1081.

On April 9, 1984, appellant filed a *pro se* petition for post-conviction relief. The trial court ordered a copy of the petition sent to the Office of the Public Defender of Indiana. Fifteen days later, but before the Public Defender entered an appearance in the case, the trial court summarily denied the second petition. The trial court entered the following order:

"Defendant Howland's P.C.R. Petition ordered striken [sic] from the Record as an improper petition as the Deft. Howland had heretofore litigated a Post Conviction Relief Petition and the Judgement of the trial court was affirmed by the Indiana Supreme Court under cause no. 1–281–S379 which opinion was certified

to the trial Court January 27th, 1983 as to Howland."

Indiana Rules of Procedure for Post-Conviction Remedies, Rule 1, § 8 provides:

"All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

 In his second petition, appellant alleged that his plea of guilty was not knowingly and voluntarily entered because: he was not given the advisement that the court was not a party to the agreement and was not bound by it; he was not advised of the minimum and maximum sentences for the offenses charged or of the possibility of an increased sentence by reason of prior convictions; and he was not advised of the possibility of the imposition of consecutive sentences. All of these statements are conclusions without recitation of factual basis or of the effect of the failure to render such advice. The allegations are inadequate to support his petition. *White v. State* (1986), Ind., 497 N.E.2d 893.

Appellant claims the trial court erred in rendering summary judgment before the Public Defender could enter an appearance. Under the state of the record above recited, we find no abuse of the trial court's discretion in so adjudicating. Appellant's counsel takes the position that had they been given an opportunity to amend appellant's petition and litigate the matters alleged in such amendment they could have shown that counsel in the first post-conviction hearing was inadequate because they "failed at any stage of the proceeding to raise the issue of inadequate advisements." However, an examination of the opinion in the first post-conviction

relief appeal clearly discloses this statement by counsel to be incorrect. In *Howland, supra,* the claim of ineffective assistance of counsel was clearly set out and fully litigated.

Appellant also claims the trial court erred in summarily dismissing the second post-conviction relief petition without making specific findings of fact and conclusions of law as required by Ind.R.P.C.R. 1, § 6. We hold the trial court's ruling on the dismissal of the second petition, as set out above, is adequate to comply with the rule and is in compliance with the interpretation of that rule as set out in *Mosley v. State* (1985), Ind., 477 N.E.2d 867.

The trial court is affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents without separate opinion.