I would reverse and vacate the sentences for sexual battery and confinement.

**Phillip REEVES, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 27A02–8904–PC–00133.[1]**

Court of Appeals of Indiana,
First District.

Jan. 7, 1991.

1. This case has been diverted from the Second District by direction of the Chief Judge. This case was assigned to the writing judge on November 20, 1990.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Phillip Reeves appeals the denial of his petition for post-conviction relief from his conviction—pursuant to plea agreement—for Burglary, a class B felony, for which he received a sentence of fifteen years. Reeves's court-appointed counsel recommended that Reeves accept the plea agreement because the prosecutor had promised not to file an habitual offender charge against Reeves if he would accept the plea. Reeves was not habitual offender eligible at the time he pled guilty. Reeves raises two issues. Because one is dispositive, we address it only. Judgment reversed.

### FACTS

Phillip Reeves and Roger Brewer were charged with Burglary and Theft. Attorney, Thomas W. Michael was appointed to represent Reeves. On June 18, 1987, Reeves pled guilty to Burglary as a class B felony pursuant to a plea agreement. Reeves was 28 years old at the time. The Agreement provided that the Theft charge would be dismissed and that the maximum sentence Reeves would receive would be fifteen (15) years. The Agreement also provided that the State would not file additional charges against Reeves concerning other burglaries. Finally, the Agreement provided that Reeves would testify truthfully against Roger Brewer if Brewer's case went to trial.

At the guilty plea hearing, the trial court advised Reeves of all the consequences associated with his plea. Reeves acknowledged that he was pleading guilty voluntarily and had not received any promises or threats. Reeves admitted the factual basis supporting his conviction.

At the hearing on the present PCR petition, Reeves testified that his attorney, Michael, advised him that if he did not plead guilty, the State would file an habitual offender charge against him. He testified further that Michael advised him that if he refused to accept the plea agreement he faced a potential sentence—including the enhancement as an habitual offender—of sixty (60) years. Reeves also testified regarding his earlier convictions indicating that he was not habitual eligible at the time of his plea. He also submitted the docket sheets for his earlier convictions into evidence indicating he was not habitual eligible at the time of his plea.[2] Finally, Reeves testified that had he known he was not habitual eligible, he would not have pled guilty and would have taken his chances at trial.

Attorney Michael testified that he "absolutely" advised Reeves that the State would file an Habitual Offender charge if he did not accept the plea. Through Michael, Reeves submitted into evidence a letter written on Michael's law firm's letterhead from Michael to Reeves dated January 29, 1987 (before the plea agreement). In this letter, Michael advised Reeves that—in exchange for the plea agreement—the prosecutor promised not to file an habitual offender charge against him. Also in the letter, Michael strongly urged Reeves to accept the agreement because—it was Michael's opinion—that if the additional burglary charges and the habitual charge were filed, Reeves would be found guilty and sentenced to at least sixty (60) years in prison.

Michael further testified that the prosecutor had in fact warned him that if Reeves did not accept the plea, the prosecutor would charge Reeves with 4 to 6 additional burglaries and would file an habitual offender charge. It would appear from an examination of Michael's testimony that he does not understand the requirements for an habitual offender adjudication.

2. Reeves had accumulated two prior felonies, Battery (class C felony) and Theft (class D felony). However, he was not habitual eligible as defined by IND.CODE 35–50–2–8 because he committed the theft before he was convicted and sentenced for the battery.

Reeves's girlfriend and mother both testified that Michael had told them that Reeves should plead guilty to avoid being charged as an habitual offender.

## DECISION

Reeves argues that the post-conviction relief court erred by denying his petition for post-conviction relief because—as a result of the ineffective assistance of counsel—his plea was not knowing, intelligent and voluntary. Specifically, he argues that Michael's recommendation that he accept the plea agreement in order to avoid, among other charges, being charged as an habitual offender—for which he was not eligible—rendered his plea unintelligent and involuntary.

Initially, we note that in a post-conviction relief proceeding, the defendant has the burden of proving his grounds of relief by a preponderance of the evidence. *Murphy v. State* (1985), Ind., 477 N.E.2d 266. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. When reviewing the denial of post-conviction relief, we will reverse only when the evidence is without conflict and leads unerringly to a conclusion contrary to the one reached by the trial court. *Mosley v. State* (1979), 271 Ind. 164, 390 N.E.2d 659.

To prevail on a claim of ineffective assistance of counsel, a defendant must prove his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The defendant must prove his counsel's conduct was so prejudicial as to deprive him of a fair trial. *Id.* In the context of a guilty plea, the defendant must demonstrate a reasonable probability that he would not have pled guilty and would have insisted on proceeding to trial were it not for his counsel's error. *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. There is a strong presumption that defendant's counsel rendered adequate assistance and exercised reasonable professional

judgment in making all significant decisions. *Strickland, supra.*

It is well-established that the State may lawfully threaten a criminal defendant with an habitual offender charge to induce him to accept a plea bargain. *Nash v. State* (1981), Ind.App., 429 N.E.2d 666. However, in order to make a lawful threat of an habitual filing, the State must have a legitimate basis for such a charge. *Id.* If a bargained plea is motivated by a threat of punishment in excess of that authorized by law, the agreement is illusory and constitutes a denial of substantive rights. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173. The lack of real power makes the threat illusory and causes the representation to take on the characteristics of a trick. *Id.* The *Nash, supra,* court noted:

> a threat by a prosecutor to do what the law will not permit, if it motivates a defendant ignorant of the impossibility, renders the plea involuntary.... In effect, the defendant is deceived into making the plea, and the deception prevents his act from being a true act of volition.

429 N.E.2d at 671 (Citation omitted, emphasis deleted).

Obviously, the present case is distinguishable from the well-established caselaw set out above. Reeves does not argue that the prosecutor improperly threatened to charge him as an habitual offender. Instead Reeves asserts his attorney was ineffective because he advised Reeves that he would face an habitual charge—for which he was not eligible—if he refused to accept the plea bargain. We are aware of no Indiana case where a plea has been set aside because of an illusory threat communicated to a defendant by his attorney.

However, the *Nash* court relied on the case of *Hammond v. United States* 528 F.2d 15 (4th Cir.1975) which is on point under the present circumstances. In *Hammond,* the defendant's court-appointed counsel advised him that if he went to trial and was convicted on all charges, he would receive a sentence of 90 or 95 years. However, the maximum sentence permitted un-

der law was 55 years. The *Hammond* court noted the alleged erroneous advice—which indicated the defendant's guilty plea might save him 30 years and not 60 or 65 years as he was told—was so gross as to constitute an ineffectiveness of counsel. The court noted further that where counsel is ineffective, the plea is not voluntary because it is not made with knowledge of the factors pertinent to a proper determination of whether to plead guilty or not. *Id.*

Finally, the *Hammond* court noted:

This is not to say, of course, that every item of misinformation which counsel may impart vitiates the voluntariness of a plea. Each case must depend largely on its own facts.

528 F.2d at 18.

In granting the defendant a hearing on the matter, the court held that because Hammond was a relatively young man, the threat of a sentence 35 to 40 years more than the law would allow may have coerced him into pleading guilty.

The *Nash* court adopted the *Hammond* rationale regarding attorney misinformation and set out the above quote at 429 N.E.2d at 672. The *Nash* court noted the defendant was 30 years old and faced a substantial amount of time being tacked on to his sentence by virtue of the improper habitual offender threat. In vacating a guilty plea based on the illusory threat of an habitual filing, the court held that Nash's substantive rights were violated.

In the present case, the evidence is uncontradicted. Reeves's attorney misinformed him that if he should refuse to accept the plea agreement he would be charged as an habitual offender and could face sentences totaling sixty (60) years. The presumptive habitual offender enhancement is 30 years. I.C. 35–50–2–8. Assuming the balance of Reeves's attorney's advice was correct, Reeves's plea saved him only 15 years instead of the additional 45 years his attorney warned were possible.

Reeves was 28 years old at the time he pled guilty. He was advised that he faced the choice of accepting a plea agreement which carried a maximum sentence of fifteen (15) years or going to trial with the prospect of receiving sentences totaling sixty (60) years which included the improper habitual offender charge which would carry an additional thirty (30) years.

The uncontradicted evidence leads unerringly to the conclusion that the erroneous advice Reeves received from his court-appointed counsel played a significant part in the plea negotiations and rendered the bargain illusory. We hold that Reeves's attorney's recommendation that he accept the plea agreement to avoid being charged as an habitual offender—when Reeves was not habitual eligible—constitutes ineffective assistance of counsel rendering Reeves's plea involuntary.

Judgment reversed.

MILLER and SHIELDS, P.JJ., concur.