124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Riley B. MOSLEY, JR., Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 96-2569.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1997.*
Decided Aug. 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Riley B. Mosley, serving two life terms in Indiana state prison, appeals the denial of his petition for habeas corpus, 28 U.S.C § 2254. He bases his claim for relief upon the alleged discrepancy between the sentence that was agreed to in his plea bargain and that which was imposed. The problem concerns the difference between a sentence "for the rest of the defendant's natural life" and a sentence of "life in prison" Mosley claims he entered into an agreement (or at least thought he did) whereby he would receive the latter sentence, so that he would be eligible for parole after twenty years, but instead received the former, under which he is not eligible for parole. The constitutional violations that Mosley alleges resulted are the denial of the effective assistance of counsel and the-denial of due process on the ground that his plea was not knowingly and voluntarily given. The district court dismissed the petition, finding that Mosley procedurally defaulted his claims by not presenting them to the Indiana courts in the manner required by the state. We affirm.
 
 
 2
 In 1975, Mosley pleaded guilty to two counts of murder and one count of rape in Indiana state court. Judge Michael S. Kanne, now a judge on this court, sentenced him to two life terms for the murder convictions and to a concurrent term of 21 years on the rape conviction. Mosley did not file a direct appeal. In 1977, Mosley filed a petition for post-conviction relief in state court, seeking to rescind his plea agreement, claiming that he was denied the effective assistance of counsel (for reasons different than those alleged in his federal petition), and that his guilty plea was not knowingly, intelligently and voluntarily entered into because he was beaten by the police and forced to sign a confession. The trial court denied the motion on the merits and the Supreme Court of Indiana affirmed. Mosley v. State, 390 N.E.2d 659 (Ind.1989).
 
 
 3
 Mosley then filed a second petition in the Indiana trial court for post-conviction relief, asserting issues not raised in his first petition. This petition also did not raise the issues he now presents in his federal petition for habeas corpus. The trial court summarily denied the petition and the Supreme Court of Indiana affirmed, holding that Mosley was procedurally barred from raising these issue because they were available to Mosley at the time he filed is first petition. Mosley v. State, 477 N.E.2d 867, 868 (Ind.1985).
 
 
 4
 Mosley then filed his third state court petition for post-conviction relief, raising for the first time the grounds for relief raised in the present federal petition for habeas corpus. The trial court summarily denied the petition, (R.8, Ex. 4 at 28), and the Indiana Court of Appeals affirmed in an unpublished order. (R.8, Ex. 3.) The trial court stated that the petition "raises no new or different grounds for relief and is therefore dismissed." The appellate court pointed to the fact that his first petition stated that it raised every known ground for relief and therefore the subsequent petition was subject to summary denial. Mosley subsequently brought a petition for habeas corpus in the district court, raising the issues that he raised in his third state post-conviction petition. The respondent moved for dismissal, claiming procedural default. The district court dismissed on this ground and Mosley appealed.
 
 
 5
 Federal courts will not decide a claim in a petition for habeas corpus, 28 U.S.C. § 2254, unless the petitioner has fairly presented his federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Moffat v. Gilmore, 113 F.3d 698, 702 (7th Cir.1997). If a constitutional claim asserted in a federal petition for habeas corpus was not presented to the state court in the manner required by the state, then the state's refusal to address the merits of the claim is an independent state ground of decision. Coleman v. Thompson, 501 U.S. 722, 729-44 (1991); Hogan v. McBride, 74 F.3d 144, 146, modified, 79 F.3d 578 (7th Cir.1996). If this state ground of decision is "adequate" as a matter of federal law, then the petitioner is barred from bringing the claim in federal court. Hogan, 74 F.3d at 147.
 
 
 6
 We conclude that Mosley's claim is procedurally barred. The claims that Mosley now makes were omitted from his -first petition for post-conviction relief. Under Indiana law, he was precluded, absent a showing that he had a good reason for such omission, from raising them in a subsequent petition. Ind. Post. Conv. R. 1(8); Daniels, 680 N.E.2d at 835 n. 10; Kindred v. State, 674 N.E.2d 570, 575 (Ind.App.1996). When he attempted to raise these issues, the Indiana trial and appellate courts ruled his claims barred on procedural grounds. Thus, there was a independent state ground for the Indiana courts' not reaching the issues raised in the instant petition and the Indiana courts based their decision on this ground.
 
 
 7
 Mosley thus procedurally defaulted if the reason for the state's refusal to consider his third petition was "adequate." We conclude that it was. Indiana's requirement that a petitioner bring all available claims in the first petition mirrors the federal habeas corpus requirements, 28 U.S.C. § 2254, Rule 9(b), is rooted in sound policy, and not only is in place by means of a court rule in Indiana but, as our citations demonstrate, has been consistently applied by the Indiana courts. See Tredway, 35 F.3d at 295 (state ground of decision applied 'infrequently, unexpectedly or freakishly' may be inadequate). Therefore, the claim that Mosley now raises is barred on the ground of procedural default because the last state court to reach the issue ruled against Mosley on an independent and adequate state ground. Therefore the district court's order dismissing appellant's petition for a writ habeas corpus is AFFIRMED.[1]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir. R. 34(f)
 
 
 [1]
 Also before this court is Mosley's motion for an order to require the respondent to furnish the complete state court record. This motion is denied